**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| CHAMPION RETAILCO, LLC, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES PRICE III, | ) | **PLAINTIFF CHAMPION RETAIL** |
| | ) | **CO, LLC'S MOTION FOR** |
| Defendant. | ) | **EXPEDITED DISCOVERY** |

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff Champion Retailco, LLC (collectively, "Champion"), by and through its undersigned counsel, respectfully moves this Court for an Order granting expedited discovery in this matter.  Specifically, Champion requests that the Court issue an order that: (i) permits Champion to notice and take the deposition of Defendant Charles Price III ("Price") prior to the evidentiary hearing on Champion's contemporaneously filed Motion for Preliminary Injunction; and (ii) requires Price to respond to narrowly crafted and targeted interrogatories and document requests within ten (10) days of the Court's Order.

A Memorandum of Law in Support of this Motion and a Proposed Order granting the requested  relief is attached and incorporated by reference.

Respectfully submitted,

*s/ Joseph N. Gross*
Joseph N. Gross, Trial Attorney
Bar Number 0056241
Richard E. Hepp
Bar Number 0090448
Alexandria A. Gardella
Bar Number 0100000
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  jgross@beneschlaw.com
             rhepp@beneschlaw.com
             agardella@beneschlaw.com

*Attorneys for Plaintiff Champion Retailco, LLC*

# CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff's Motion for Expedited Discovery* and accompanying *Memorandum in Support* and *Proposed Order for Expedited Discovery* are being served upon the following with the Summons and Complaint:

Charles Price III
2526 Millwood Circle Southeast
Huntsville, AL 35803
*Defendant*

*s/ Joseph N. Gross*
Joseph N. Gross, Trial Attorney
Bar Number 0056241
*One of the Attorneys for Plaintiff*
*Champion Retailco, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| CHAMPION RETAILCO, LLC, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF CHAMPION** |
| CHARLES PRICE III, | ) | **RETAILCO, LLC'S MEMORANDUM** |
| | ) | **IN SUPPORT OF ITS MOTION FOR** |
| Defendant. | ) | **EXPEDITED DISCOVERY** |

**I.      INTRODUCTION**

Plaintiff Champion Retailco, LLC ("Champion") initiated this action by filing a Verified Complaint for Monetary and Injunctive Relief against Defendant Charles Price III ("Price") asserting claims for misappropriation of trade secrets and breach of contract.

Price is a former employee of Champion, which designs, builds, and installs windows, doors, and sunrooms and also installs roofing and siding on residential homes.  Incident to his employment with Champion, Price executed an agreement containing non-disclosure, non-competition, and non-solicitation restrictive covenants, which governs his post-employment conduct.  Additionally, during his employment with Champion, Price became privy to Champion's confidential and proprietary information and trade secrets, including, but not limited to, information relating to its customers (including their contact information and preferences), suppliers, vendors, and employees; advertising and marketing plans; business and financial strategies, plans, budgets, goals, projections, and objectives; research and development activities and initiatives; the strengths and weaknesses of the products and services that Champion provides (the "Champion Services"); costs, profit margins, and pricing associated with the Champion Services; sales strategies, including the manner in which it responds to customer requests and requests for information or requests for proposals; and third-party information considered

confidential by its customers, vendors, and suppliers and those entities' customers, vendors, and third-party providers (collectively, Champion's "Trade Secrets").  Price is now employed by EcoView Windows & Doors of North Alabama ("EcoView"), where he is using Champion's Trade Secrets to solicit its customers and employees to move to EcoView, a competitor of Champion that also markets, sells, and installs windows and doors in residential homes.  Champion is seeking preliminary injunctive relief to prevent further harm to its competitive rights and interests.  Champion now seeks expedited discovery to timely obtain the information necessary to more timely prosecute its request for such injunctive relief.

## II.     LAW AND ARGUMENT

The Federal Rules of Civil Procedure afford courts broad discretion to authorize expedited discovery.  *See*, *e.g.* Fed. R. Civ. P. 26(d) (recognizing that, while generally "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a district court may allow expedited discovery by court order); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (2d ed. 1994 & Supp. 2002) ("The moratorium [on discovery prior to the Rule 26(f) conference] may be removed by court order").  In fact, the Advisory Committee Notes to Rule 26(f) expressly state that expedited discovery "will be appropriate in some cases, such as those involving requested for a preliminary injunction . . . ." Fed. R. Civ. P. 26 Advisory Committee Notes (1993 Amendments; Subdivision (d)).

Further, "[c]ourts in the Sixth Circuit have held that expedited discovery is appropriate upon a showing of 'good cause' that is found 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Nat'l City Corp. v. Boyd*, No. 1:08-CV-2189, 2008 U.S. Dist. LEXIS 117090 at * 2 (N.D. Ohio Sept. 17, 2008) (citing *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 U.S. Dist. LEXIS 97283 at *2 (S.D. Ohio Nov. 5, 2007)); *see also Russell v. Lumpkin*, No. 2:10-cv-00314,

2010 U.S. Dist. LEXIS 55243 at *4 (S.D. Ohio May 11, 2010) ("Courts considering motions for expedited discovery typically apply a good cause standard.").

Further, courts in the Sixth Circuit routinely allow expedited discovery when a plaintiff seeks injunctive relief due to the expedited nature of the proceedings. *Ramsey v. Formica Corp.*, 398 F.3d 421, 423 (6th Cir. 2005) (recognizing that expedited discovery took place in preliminary injunction proceedings); *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 U.S. Dist. LEXIS 200651 at *5 (S.D. Ohio Apr. 22, 2013) ("[T]his Court has granted expedited discovery where 'the requested discovery is limited and narrowly tailored to this issue central to Plaintiffs' requested injunction relief.'") (citation omitted)).

Here, Champion has moved this Court for a preliminary injunction to prohibit Price from (1) violating his restrictive covenants by participating or engaging in, as an owner, partner, shareholder, employee, officer, director, independent contractor, consultant, advisor, or rendering services to an entity which is competitive with the business conducted by Champion; (2) violating his restrictive covenants by diverting, soliciting, interfering with, or entering into a contract with Champion's clients or customers; (3) violating his restrictive covenants by employing or soliciting for employment any Champion employees to compete with Champion or inducing any Champion employee to separate from Champion or to violate any restrictive covenant agreements with Champion; and (4) using, disclosing, or otherwise misappropriating Champion's trade secrets and confidential business information.

Expedited discovery is necessary to allow Champion to develop evidence required to support the granting of injunction relief. It is not unreasonable, in light of the facts of this case, for Price to be required to expend the effort to respond to individually respond to Plaintiff's First Combined Set of Expedited Interrogatories and Request for Production of Documents and Things,

which are attached hereto as **Exhibit A,** on an expedited basis.  These proposed narrow requests will not prejudice Price in any way.  Price will have to respond to discovery requests at some juncture during the course of litigation.  Requiring him to respond to a small number of pointed requests before the preliminary injunction hearing will have no significant effect on his overall litigation burden, and would ensure a full, fair, and timely adjudication of the issues at the hearing.  Furthermore, it is critical that Champion be permitted to conduct discovery prior to the preliminary injunction hearing to develop the nature and full extent of Price's unfair competitive activities and use and disclosure of Champion's Trade Secrets.

In sum, fundamental fairness requires that Champion be allowed to promptly develop the evidence necessary to prosecute its request for injunction relief, which is squarely directed at Price's wrongful conduct that threatens to permanently harm Champion's business.  Accordingly, Champion requests that this Court grant its Motion for Expedited Discovery.

    Respectfully submitted,

    *s/ Joseph N. Gross*
    Joseph N. Gross, Trial Attorney
    Bar Number 0056241
    Richard E. Hepp
    Bar Number 0090448
    Alexandria A. Gardella
    Bar Number 0100000
    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
    200 Public Square, Suite 2300
    Cleveland, Ohio 44114-2378
    Telephone:  216.363.4500
    Facsimile:  216.363.4588
    Email:  jgross@beneschlaw.com
           rhepp@beneschlaw.com
           agardella@beneschlaw.com

*Attorneys for Plaintiff Champion Retailco, LLC*

4